UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSA SORGENTE,

　　　　　　　Plaintiff,

-vs-                                                            Case No.  6:05-cv-310-Orl-22JGG

FIRST DATA CORPORATION, INC.,

　　　　　　　Defendant.

---

ORDER

This cause came on for consideration without oral argument on the following motion:

| MOTION: | JOINT MOTION TO FILE UNDER SEAL THE PARTIES JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS ACTION WITH PREJUDICE (Doc. No. ) |
|---|---|
| FILED: | January 30, 2006 |

THEREON it is ORDERED that the motion is DENIED.

Plaintiff Rosa Sorgente sued Defendant First Data Merchant Services for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay her overtime wages. The parties filed a Joint Motion to File Under Seal the Parties' Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice on January 30, 2006.

Under federal common law, there is a presumption that judicial records are public documents. *See Nixon v. Warner Commun., Inc.*, 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone*, 263 F.3d 1304, 1311 (11th Cir. 2001). Denial of public access to court records

is warranted only when it "is necessitated by a compelling governmental interest, and is narrowly tailored to [...] that interest." *Brown v. Advantage Eng., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (quotations omitted).

In the case of sealing settlement agreements that are approved by the court, once the matter is brought to the court for resolution, it is a public matter. *Id.* It is immaterial that sealing of the settlement agreement is an integral part of a negotiated settlement between the parties. *Id.* Absent a showing of "extraordinary circumstances," the court file must remain open to the public. *Id.*

The presumption of public access to settlements of FLSA actions is particularly strong. *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003). This is because the right at issue is of a "private-public character" as described by the Supreme Court in *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). *Id.* This public character is based on Congress's intent

> to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce. To accomplish this purpose standards of minimum wages and maximum hours were provided.

*Brooklyn Sav. Bank*, 324 U.S. at 706-707 (footnotes omitted). Sealing FLSA settlements from public scrutiny would thwart the public's independent interest in assuring that employees' wages are fair and do not endanger "the national health and well-being." *Stalnaker*, 293 F. Supp. 2d at 1264 (citations omitted). Absent a compelling reason, the court cannot seal such records. *Id.*

In support of their motion to seal the underlying motion and settlement agreement, the parties state that filing in the public record will violate the confidences contained in the Settlement Agreement and "may also harm Defendant's business and proprietary interests." The parties' motion falls far short of demonstrating a compelling governmental interest or other extraordinary circumstances that justify sealing the record. The motion, therefore, is **DENIED**.

The Clerk is directed to return to the motion submitted under seal to the parties. For the Court to approve any proposed settlement, it must be made part of the public record. This can be done either by filing the settlement agreement with the Court or presenting it to the Court in an open hearing. The Court will not rule on [39] Motion to Dispense with Hearing on Motion to Approve Settlement Agreement until after the parties have determined whether they will re-file the settlement agreement in the public record.

**DONE** and **ORDERED** in Orlando. Florida on February 1, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

-3-